UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEMARIO WARREN,** | * | **CIVIL ACTION** |
| **PETITIONER** | * | |
| | * | **CASE NO. 25-cv-1709** |
| **VERSUS** | * | |
| | * | |
| **DARREL VANNOY, WARDEN** | * | **SECTION "T" (5)** |
| **RESPONDENT** | * | |
| | * | |
| | * | |

**RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF**

Demario Warren is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He is serving a life sentence following his convictions for two counts aggravated assault with a firearm (La. R.S. 14:37.4) and his subsequent adjudication as a habitual offender (La. R.S. 15:529.1).

Warren has petitioned this Court for a writ of habeas corpus.

Warren's petition is timely, and his claims are exhausted and not in procedural default. However, his claims lack merit. Accordingly, the Court should dismiss the petition with prejudice and otherwise deny relief.

## **TABLE OF CONTENTS**

PRELIMINARY MATTERS..................................................................................................3

    1.    Custody..................................................................................................3

    2.    The state court record..........................................................................3

    3.    The facts of the case............................................................................3

    4.    Procedural history................................................................................3

TIMELINESS........................................................................................................................5

EXHAUSTION AND PROCEDURAL DEFAULT...............................................................5

MERITS REVIEW................................................................................................................5

    1.    The claim of prosecutorial vindictiveness (Claim 1). ..............................6

    2.    The claim of judicial vindictiveness (Claim 2). .........................................9

CONCLUSION AND PRAYER...........................................................................................12

CERTIFICATE OF SERVICE.............................................................................................12

## PRELIMINARY MATTERS

**1.   Custody.**

The respondent does not dispute that the petitioner is in custody.

**2.   The state court record.**

The respondent has filed, along with this *Response*, the complete state court record which is described in the separately filed *Notice of Lodging of State Court Record Materials*.

**3.   The facts of the case.**

This case arises from a shooting death. There were two witnesses. The perpetrator, after shooting the victim, threatened the two witnesses at gunpoint. See SCR, Vol. 4, at 31-48 (testimony of Jessica Burkhalter and Shaquille Burkhalter).

**4.   Procedural history.**

   **A.   Proceedings leading to conviction and sentence.**

| | | |
|---|---|---|
| September 27, 2016 | The petitioner is indicted for second degree murder (Count 1) and two counts aggravated assault with a firearm (Count 2, Count 3). | SCR, Vol. 3, pg. 37. |
| April 1-3, 2019. | The petitioner is tried. The jury finds the defendant guilty of manslaughter (Count 1) and two counts aggravated assault with a firearm (Counts 2, 3) | SCR, Vol. 3, pp. 13-16. |
| May 31, 2019 | The district attorney files a multiple offender bill of information alleging the petitioner to be a habitual offender as to Count 1 only. | SCR, Vol. 3, pg. 114. |
| June 19, 2019. | The petitioner admits to his status as a habitual offender. The trial court imposes a sentence of life without parole. | SCR, Vol. 3, pg. 116. |

B. **Direct review proceedings (Part 1).**

| | | |
|---|---|---|
| April 20, 2020 | The United States Supreme Court issues its decision in Ramos v. Louisiana, 590 U.S. 83 (2020). | n/a |
| July 24, 2020 | The Louisiana First Circuit Court of Appeal reverses the defendant's conviction as to Count 1 only because the jury's verdict on that count was not unanimous. The convictions and sentences for Counts 2 and 3 are affirmed. The case is remanded back to the district court. State v. Warren, 19-1410 (La. App. 1 Cir. 7/24/20), 2020 WL 4250839. | SCR, Vol. 7, pp. 86-90. |

C. **Proceedings in the district court on remand.**

| | | |
|---|---|---|
| August 5, 2020 | The district attorney files new multiple offender bills of information alleging the petitioner to be a habitual offender as to Count 2 and Count 3. | SCR, Vol. 7, pp. 83-84. |
| January 21, 2022 | The defendant is adjudicated a fourth felon offender as to Count 2 and Count 3. The trial court imposes concurrent sentences of life without parole. | SCR, Vol. 7, pp. 97-98. |

D. **Direct review proceedings (Part 2) — Counts 2 and 3 only.**

| | | |
|---|---|---|
| June 15, 2023 | The Louisiana First Circuit Court of Appeal affirms the habitual offender adjudications and sentences for Counts 2 and 3. State v. Warren, 22-1314 (La. App. 1 Cir. 6/15/23), 2023 WL 4008395. | SCR, Vol. 8, pp. 17-22. |
| July 6, 2023 | The petitioner timely seeks review of the First Circuit's decision. | SCR, Vol. 8, pp. 2-16. |
| Sept. 4, 2024 | The Louisiana Supreme Court denies the defendant's writ application. State v. Warren, 23-1049 (La. 9/04/24), 391 So.3d 1059. | SCR, Vol. 8, pg. 1. |

E.   **Subsequent district court proceedings — Count 1 only.**

The petitioner on pleaded guilty to manslaughter (Count 1) on January 29, 2025, and was sentenced to serve nine years at hard labor. See SCR, Vol. 1, pg. 468 (minute entry); SCR, Vol. 2, pp. 493-505 (transcript).

## TIMELINESS

The habeas corpus petition is timely.[1]

## EXHAUSTION AND PROCEDURAL DEFAULT

The petitioner's claims—that his sentences are the product of prosecutorial and judicial vindictiveness—are exhausted and not in procedural default.[2]

## MERITS REVIEW

Warren's claims were adjudicated on the merits. They are for that reason subject to AEDPA deference. 28 U.S.C. § 2254(d); *see also, e.g., Langley v. Prince*, 926 F.3d 145, 155-156 (5th Cir. 2019) (en banc). This means that the petitioner is not entitled to relief unless he demonstrates that the state court's adjudication of his claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

---

1   The relevant convictions and sentences became final when the Louisiana Supreme Court denied writs on September 4, 2024, and the instant habeas corpus petition was filed less than a year later.

2   The petitioner's claims were raised in the state district court, in the intermediate appellate court, and in the state's highest court. See SCR, Vol. 7, pg. 390 ¶ 5 (Motion to Reconsider Sentence); SCR, Vol. 8, pp. 40-54 (brief filed at Louisiana First Circuit Court of Appeal); SCR, Vol. 8, pp. 2-16 (writ application to Louisiana Supreme Court)

1.   **The claim of prosecutorial vindictiveness (Claim 1).**

   a.   **The details of this claim.**

The petitioner alleges that "[t]he State engaged in prosecutorial vindictiveness by belatedly filing habitual offender bills in connection with Counts Two and Three, counts that it had not previously sought to enhance, following Petitioner's successful appeal of Count One." ECF Doc. 1-1, pg. 4.

   b.   **The adjudication of this claim by the state courts.**

The last reasoned state court decision to address this claim reads as follows:

> A vindictive prosecution is one in which the prosecutor seeks to punish the defendant for exercising a protected statutory or constitutional right and thereby violates a defendant's Fifth Amendment right to due process. United States v. Goodwin, 457 U.S. 368, 372 (1982); State v. Wesley, 49,438 (La. App. 2d Cir. 2/26/15), 161 So.3d 1039, 1043, writ not considered, 2015-1096 (La. 3/14/16), 188 So.3d 1065. A defendant has the burden of proving the affirmative defense of prosecutorial vindictiveness by a preponderance of the evidence. Wesley, 161 So.3d at 1043.
>
> * * *
>
> We find no prosecutorial vindictiveness in the instant matter. The circumstances do not demonstrate the defendant was punished for the exercise of any legal right. His conviction and sentence for manslaughter were vacated pursuant to Ramos, and the matter was remanded to the trial court. The State chose to retry the defendant on that charge. Regardless, on the previous manslaughter conviction, the State filed a habitual offender bill of information in order to enhance the sentence for that conviction to life imprisonment. Prior to the manslaughter conviction and enhanced sentence being vacated, the State did not choose to enhance the defendant's sentences for aggravated assault with a firearm. The State had no reason to do so since it had obtained a life sentence with the enhancement of the manslaughter sentence.
>
> Once this court vacated the life sentence on the manslaughter conviction because of a Ramos issue, the State sought to enhance the defendant's sentences for aggravated assault with a

> firearm to ensure the defendant would be sentenced to life as a fourth-felony habitual offender, *as it had always intended*. This action reflected prosecutorial discretion rather than vindictiveness. Moreover, even if we were to conclude the prosecution's subsequent filing of new habitual offender bills of information created a presumption of vindictiveness, the State had legitimate objective reasons for proceeding with the habitual offender charges. Specifically, the defendant did, in fact, commit the prior felonies for which he was convicted and which served as the basis for the habitual offender proceedings.

State v. Warren, 22-1314 (La. App. 1 Cir. 6/15/23), 2023 WL 4008395, at *2 (emphasis supplied).

### c. The adjudication is not contrary to, or an unreasonable application of, clearly established federal law.

The state court correctly identified United States v. Goodwin, 457 U.S. 368 (1982), as the case supplying the clearly established federal law. The pertinent jurisprudence provides that that "a vindictive prosecution is one in which the prosecutor seeks to punish the defendant for exercising a protected statutory or constitutional right in violation of a defendant's Fifth Amendment right to due process" and "to be vindictive, the State's actions must exceed the mere motive to prosecute the crime committed." Austin v. Kent, 16-8059 (E.D. La. 4/11/17), 2017 WL 3835948, at *35 (citations omitted).

The evidence of prosecutorial motive is plain: the prosecution had always sought to impose a sentence of life imprisonment for the defendant for his crimes.

First, the defendant was prosecuted for second degree murder. The penalty for conviction of that offense is life imprisonment. La. R.S. 14:30.1(B).

Second, when the jury returned a lesser verdict, the prosecution filed a

habitual offender bill of information which mandated a life sentence under Louisiana's "three strikes you're out" rule. (A life sentence was mandatory because the offense of conviction, manslaughter, and two prior offenses, armed robbery and purse snatching, are "crimes of violence."[3])

Third, when the manslaughter conviction and corresponding habitual offender sentence were set aside, the prosecution again filed a habitual offender bill of information which mandated a life sentence under Louisiana's "three strikes you're out" rule. (A life sentence was mandatory because the offense of conviction, aggravated assault with a firearm, and two prior offenses, armed robbery and purse snatching, are "crimes of violence."[4])

It is true that the defendant's exercise of his appellate rights were the "but for" cause of the district attorney's decision to file a habitual offender bill of information as to Count 2 and Count 3. (If the sentence as to Count 1 had been affirmed, there would be no reason to seek enhancement of the sentences for Count 2 and Count 3.) It does not follow that the district attorney was motivated by a desire to retaliate against the defendant for exercising his right to appeal. Because the district attorney sought a life sentence for the defendant *before* he moved for appeal, the decision to seek a life sentence *after* the defendant's appeal cannot be a consequence of the defendant's successful appeal. Accord United States v. Weingarten, 713 F.3d 704, 713

---

3  See SCR, Vol. 3, pg. 114 (multiple offender bill of information listing armed robbery and purse snatching as predicate offenses); then see La. R.S. 15:529.1(A)(4)(c) (habitual offender law, mandating a life sentence when the current offense and two prior offenses are crimes of violence); then see La. R.S. 14:2(B)(4), (B)(21), (B)(24) (manslaughter, armed robbery, and purse snatching are all specifically enumerated crimes of violence).

4  Aggravated assault with a firearm is a crime of violence. La. R.S. 14:2(B)(33).

(2d Cir. 2013) (vindictiveness not shown when one count was vacated and the prosecutors sought increased sentences on the remaining four counts).

The petitioner fails to demonstrate that the state court's adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. He also fails to demonstrate that the state court's adjudication of his claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." He therefore is not entitled to relief.

### 2. The claim of judicial vindictiveness (Claim 2).

#### a. The details of this claim.

The petitioner alleges that "[t]he trial court erred by increasing, without cause, Petitioner's sentence following his successful appeal." Rec. Doc. 1-1, pg. 4.

#### b. The adjudication of this claim by the state courts.

The last reasoned state court decision to address this claim reads as follows:

> The defendant also argues on appeal that the same trial court that imposed the original enhanced life sentence also imposed the instant enhanced life sentences and, thus, the presumption of vindictiveness should apply. In support of this proposition, the defendant cites to several cases, including State v. Dauzart, 2007-15 (La. App. 5th Cir. 5/15/07), 960 So.2d 1079 and North Carolina v. Pearce, 395 U.S. 711 (1969), overruled in part by, Alabama v. Smith, 490 U.S. 794 (1989).
>
> Generally, if a convicted defendant is successful in having his conviction overturned on appeal and is subsequently re-tried and convicted, the trial court may not then impose a more severe sentence. A defendant may not be punished for seeking appellate redress. If a trial court imposes a more severe sentence

> on a defendant when he is convicted following a successful appeal, the trial court's reasons for the increased sentence must affirmatively appear in the record. Otherwise, there is a presumption of vindictiveness. The purpose behind this rule is to prevent defendants from being penalized for having exercised their constitutional rights. However, the presumption of vindictiveness is inapplicable where different judges have imposed the different sentences against the defendant, because a sentence "increase" cannot truly be said to have taken place. Dauzart, 960 So.2d at 1086.
>
> The defendant's reliance on Dauzart and Pearce is misplaced. The same trial court presided over the defendant's original trial and sentencing and the instant proceedings. Notwithstanding, the cases cited by the defendant indicate that a presumption of vindictiveness is triggered when the same trial court imposes a more severe sentence on a defendant after a new trial. Neither of these factors is present in the instant matter. There has been no imposition of a more severe sentence on the defendant and there has been no new sentence imposed on him after a new trial. Upon remand, the trial court again adjudicated the defendant a fourth-felony habitual offender and sentenced him to a life sentence for each aggravated assault with a firearm conviction. The new enhanced sentences for these convictions were not more severe than the enhanced life sentence imposed for the defendant's manslaughter conviction. Further, the new enhanced sentences were not imposed after a new trial, since the defendant's new trial on count one had not been held at the time of the new habitual offender hearing and sentencing. Moreover, the trial court had no discretion in imposing mandatory enhanced life sentences under the Habitual Offender Law.

State v. Warren, 22-1314 (La. App. 1 Cir. 6/15/23), 2023 WL 4008395, at *2-3.

### c. The adjudication is not contrary to, or an unreasonable application of, clearly established federal law.

The state court correctly identified North Carolina v. Pearce, 395 U.S. 711 (1969), as the relevant U.S. Supreme Court decision. That case sets forth the governing rule that "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a

new trial." More particularly, the Court held:

> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

395 U.S. at 726.

The state court correctly distinguished <u>Pearce</u> on grounds that "[t]here has been no imposition of a more severe sentence on the defendant."

The petitioner fails to demonstrate that the state court's adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. He also fails to demonstrate that the state court's adjudication of his claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." He therefore is not entitled to relief.

## CONCLUSION AND PRAYER

The petitioner fails to demonstrate that he is entitled to habeas corpus relief. The respondent respectfully prays that the Court dismiss the instant petition with prejudice and otherwise deny relief.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney,
22nd Judicial District
701 Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon petitioner by mailing a copy, postage pre-paid, to:

> Demario Warren, # 490559
> Louisiana State Penitentiary
> 17544 Tunica Trace
> Angola, LA 70712

This the 8th day of October, 2025, at Covington, Louisiana.

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney
